PROB 12C
(04/08)

May 15, 2008

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Gabriel HERNANDEZ-Sanchez (English)     **Dkt No.:** 07-CR-3074-001-BTM

**Reg. No.:** 05338-298

**Name of Sentencing Judicial Officer:** The Honorable Barry Ted Moskowitz, U.S. District Judge

**Date of Sentence:** February 22, 2008

**Original Offense:** 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2, Bringing in an Illegal Alien Without Presentation and Aiding and Abetting, a Class C felony.

**Sentence:** 5 months custody; 3 years supervised release. (*Special Conditions: See Attached Judgment and Commitment Order.*)

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** March 21, 2008

**Asst. U.S. Atty.:** Randy Jones          **Defense Counsel:** Heather Rogers (Appointed)
                                                                (619) 233-3169

**Prior Violation History:** None.

---

### PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

PROB 12C

| | |
|---|---|
| Name of Offender: Gabriel HERNANDEZ-Sanchez | May 15, 2008 |
| Docket No.: 07-CR-3074-001-BTM | Page 2 |

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Special Condition)** Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of 150 days. *(nv24)* | 1. On May 15, 2008, Mr. Hernandez-Sanchez was terminated, unsuccessfully, from Correctional Alternatives, Inc. (CAI), in San Diego, California, and his current whereabouts are unknown. |

***Grounds for Revocation:*** The undersigned has received and reviewed the Abscond Notice from CAI, which reflects the following: On May 14, 2008, the subject signed out of the facility for the purpose of reporting to his work site at East West Staffing, in Otay Mesa, California. He was scheduled to return back to the facility at 8:00 p.m. However, he failed to return back to the facility and was subsequently terminated from the program on May 15, 2008.

# VIOLATION SENTENCING SUMMARY

## SUPERVISION ADJUSTMENT

Mr. Hernandez-Sanchez' adjustment to supervision can be described as poor. He was released from federal custody on March 21, 2008, and began his 150-day placement at CAI. As previously noted, he absconded from their facility on May 15, 2008. He was to be released from their facility on August 17, 2008.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Although the subject was born in San Diego, California, he was raised in Tijuana, B.C., Mexico and did not return to San Diego until he entered high school. After that, he returned to Tijuana to live with his family.

The subject has a girlfriend with whom he has a daughter (age 2) who lives in Tijuana. Prior to absconding from supervision, he was employed at East West staffing as a laborer.

The underlying offense is the subject's only criminal conviction.

As reflected in the subject's Presentence Report, on the advice of counsel, Mr. Hernandez-Sanchez declined to discuss any history of drug or alcohol abuse. However, on April 3, 2008, the subject reported for supervision and admitted that from October 2006 to October 2007, he was using cocaine approximately one to five times per week. He was subsequently referred to group substance abuse counseling at Mental Health Systems, Inc. (MHS) in San Diego. It is believed that Mr. Hernandez-Sanchez would benefit from additional drug counseling and testing.

## SENTENCING OPTIONS
## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (failure to reside in a Residential Reentry Center) constitutes a Grade C violation. USSG § 7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade <u>C</u> violation with a Criminal History Category <u>I</u> (determined at the time of sentencing) establishes an **imprisonment range of <u>3</u> to <u>9</u> months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

Pursuant to USSG § 7B1.3(d), p.s., any unserved portion of community confinement shall be ordered to be served, in addition to the sentence imposed as a result of the revocation. In this case, the offender has not served 95 days of the court-ordered community confinement.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG § 7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>3 year(s)</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## RECOMMENDATION/JUSTIFICATION

In reviewing this case for a recommendation, this officer is somewhat bothered by the fact that Mr. Hernandez-Sanchez was under supervision for such a short period of time. Nonetheless, it is apparent that the sentence in the underlying offense (5 months) had no effect on him to comply with the directives of the Court. He has absconded from supervision; therefore, the undersigned is respectfully requesting a no-bail bench warrant to bring the offender before the Court.

Based on the offender's poor performance in such a short period, it is respectfully recommended that supervised release be revoked and he be sentenced to the low-end of the suggested imprisonment range. However, pursuant to USSG § 7B1.3(d), p.s., any unserved portion of community confinement shall be ordered to be served, in addition to the sentence imposed as a result of the revocation. In this case, the offender has not served 95 days of the court-ordered community confinement. As such, it is recommended that Mr. Hernandez-Sanchez be sentenced to custody for 6 months and 5 days.

PROB 12C

| | |
|---|---|
| Name of Offender: Gabriel HERNANDEZ-Sanchez | May 15, 2008 |
| Docket No.: 07-CR-3074-001-BTM | Page 5 |

Additionally, it is recommended that supervised release be imposed for a period of 24 months under the previous terms and conditions, including that he reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 90 days, until he obtains full-time employment and establishes a residence as approved by the probation officer.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: May 15, 2008**

Respectfully submitted:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by _____
Larry Huerta
U.S. Probation Officer
(619) 409-5107

Reviewed and approved:

_____
Robert J. Walford
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant:** HERNANDEZ-Sanchez, Gabriel

2. **Docket No.** (Year-Sequence-Defendant No.): 07-CR-3074-001-BTM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | failure to reside in a Residential Reentry Center | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))          [ C ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))                [ I ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))              [ 3 - 9 months]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution | $ | Community Confinement | 95 days |
   | Fine | $ | Home Detention | |
   | Other | | Intermittent Confinement | |

**THE COURT ORDERS:**

__✓__  A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____  Other _____

_____    5/30/08
The Honorable Barry Ted Moskowitz             Date
U.S. District Judge